IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-00250-CR-W-HFS |
| | ) | |
| PAMELA MICHELLE ALLOWAY | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Alloway, with her companion (Culp), are charged with drug and firearm violations occurring in their rural Missouri home, after having been visited by Deputy Cochenour, who accompanied a social worker to investigate reports concerning verbal abuse of Culp's two children. The reports also raised issues concerning drugs and firearms. After briefing and a hearing, Magistrate Judge Maughmer issued a Report and Recommendation that motions to suppress be denied. Doc. 70.

Objections have been filed which center on two issues: (1) did Ms. Alloway grant permission for Cochenour to enter the house with the social worker, and (2)

1

were firearms observed by him in plain view "leaning against the wall next to me" while he was "standing in the doorway where we entered the house" – as stated in his report? Def. Exh. 2. Ms. Alloway testified that the firearms were in an adjoining living room, perhaps screened by a curtain dividing the entry kitchen from the room with the firearms. The Report and Recommendation proposes a finding that "Upon entering the house, Dep. Cochenour observed multiple rifles ('long guns') leaned up against a door." Doc. 70, p. 2. In a footnote the Report further "concludes that, in general, where there were conflicts, the officers were more credible witnesses." Id. This proposes rejection of the living room locale for the firearms.

After study of the transcripts, exhibits and briefing, I will adopt the Report and Recommendation and deny the motions to suppress.

One factor favoring acceptance of the deputy's version is that it was written down when memory was fresh, shortly after the visitation on April 1, 2018. Def. Exh. 2. As a formal report, later used to obtain a search warrant, the deputy must have realized he had a professional responsibility to carefully and accurately record his recollection, with some risk of professional harm if he made material errors or fabricated. There were four or five potential witnesses regarding the location of the firearms who might challenge errors or fabrication, including the

children and the social worker.[1] While dishonest stories can be concocted to convict suspects, and correction may be considered improbable, my supposition is that official reports are most likely honestly composed and are generally reasonably accurate. Contrary self-serving testimony is inherently somewhat less believable. Moreover, the Magistrate Judge had the best opportunity for evaluating credibility. I acknowledge that I am somewhat influenced by that circumstance and somewhat reliant on Judge Maughmer's views in reaching my own conclusions. As Judge Kopf has explained, such reliance is appropriate and occurs quite generally. United States v. McCain, 2017 WL 4990536 (D.Neb.).

The Court of Appeals has warned, however, that district judges must not abdicate responsibility to the extent of adopting the recommendations of Magistrate Judges unless "clearly erroneous." United States v. Lothridge, 324 F.3d 599 (8th Cir. 2003). But McCain shows that statutory and judicial references to de novo review can be semantically misleading and do not require disregard of views reached by the hearing officer. The basic intent is that district judges take individual responsibility for their factual rulings, even while considering the views and expertise of experienced and reliable professionals who have heard and

---

[1] Defense counsel may not be aware that in co-defendant's recently filed presentence report (Doc. 67) there are pertinent recitations that I have not relied on in this ruling.

observed the witnesses. Artificial limits on review, as expressed below in the Lothridge case, are improper. The concurring opinion of Justice Blackmun in United States v. Raddatz, 447 U.S. 667, 684 (1980) dispels any notion that de novo review should result in total disregard of the views of Magistrate Judges.[2] In any event, I am satisfied that McCain reflects the litigation world as practiced.

Having concluded that Cochenour saw the firearms without intruding on the living room premises, I need not rule on whether he had common sense permission to step from the kitchen to the adjoining living room. United States v. Steinmetz, 900 F.3d 595, 600 (8th Cir. 2018).[3] I do conclude the record shows the deputy had permission to enter the house with the social worker.

It may be worth commenting that the deputies may have subjectively used the social worker visit to pursue their interest in the reported firearm and drug violations – to the extent possible – just as traffic violations are often used by law

---

[2] The majority opinion in Raddatz cryptically acknowledged that proposed findings by magistrates should be given " 'such weight as (their) merit commands and the sound discretion of the judge warrants,' " 447 U.S. at 682. The issue may perhaps be compared with judicial treatment of draft opinions by law clerks, presumably after conscientious consideration by the district judge. Such drafts are also subject to "de novo review" by the responsible judges. A difference encouraging even closer study of proposed findings is that legal rulings are subject to de novo appellate consideration, whereas findings of fact enjoy less probing appellate review. The district court's responsibility for "getting it right" is therefore enhanced. A factual mistake is generally fatal.

[3] This might turn on what sort of "curtain" there may have been between the two rooms, and whether any curtain was open or tightly closed. I do not find pictures or any clear description in the record. There is no credible proof that Ms. Alloway sought to exclude the deputy from the house or from any rooms adjoining the entry-way that appeared to be open to visitors inquiring about the children. She was not asked to authorize a "search" and gave no approval for such an enterprise.

enforcement to gain information about possible law violations. Defendant does not develop any ground for further review of subjective intentions.

Nothing else in the Objections to the Report and Recommendation seems to require analysis or correction. Any minor factual errors are immaterial. The Government's decision not to use certain Alloway statements after the arrest decision and before Miranda warnings should suffice.

The Report and Recommendation (Doc. 70) is adopted and the motions to suppress (Docs. 38 and 39) are DENIED.

/s/ Howard F. Sachs

**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

December 23, 2019

Kansas City, Missouri